Mr. Nkrumah Lumumba Valier
TDCS-No. 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

April 7, 2015

77,638-11

This document contains some
pages that are of poor quality
at the time of imaging.

To: Clerk
   Court OF Criminal Appeals
   Box 12308 Capital Station
   Austin, Texas 78711

Re: Cause no. 1030025-C

Dear Clerk:
   Please Find enclosed and File Motion For
Relief OF Judgment Pursuant To Rule 60 (B) (1),(2),(3),(4)
(5) (6).

   The Applicant is requesting the Court to hold hearing
in this matter. The Applicant is also requesting a written response
on ruling in this matter.

   Thank you for any and all assistance in this
matter.

   Respectfully,
   Nkrumah Lumumba Valier

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 1 0 2015

Abel Acosta, Clerk

MOTION DENIED
DATE: 4-28-15
BY: PC

Cause No. 1030025-C

EXPARTE
NKRUMAH LUMUMBA VALIER
   Applicant.

IN THE 184th DISTRICT COURT
OF
HARRIS COUNTY, TEXAS

MOTIONS FOR RELIEF OF JUDGMENT PURSUANT TO RULE 60 (B) (1) (2) (3) (4) (5) (6).

---

TO THE HONORABLE JUDGE OF SAID COURT:

   Comes now NKrumah Lumumba Valier. Applicant TDCJ-No. #1546714 in above cause moves this Honorable Court to GRANT Motion For Relief OF Judgment Pursuant To Rule 60 (B)(1)(2)(3)(4)(5)(6), and the Applicant wish to show the Court the Following:

I.

Rule 60. Relief From A Judgment Or Order

(b) Grounds For Relief From Final Judgment Order; OR Proceeding.

(1) Mistake, inadvertence, suprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move For a new trial under Rule 59 (b);

(3) Fraud (whether previously called instrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment has been void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no Longer equitable; or

(6) any other reason that justifies relief.

   Newly Discovered evidence established Brady violation. The Applicant is entitled to a new trial based on government's violation of Brady v. Maryland 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed. 2d (1963), requires the government in a criminal prosecution to disclose to an accused Favorable material evidence. Whether a Brady violation occurred is a two part inquiry. First, the prosecution must have Failed to disclose

1

"evidence Favorable to an accussed" that is relevent to guilt or punishment.

The Newly Discovered evidence was not made available to the Applicant until March 19, 2014 in Civil Action No. H-13-3257 on page 12 of the Respondent Stephen's Motion For Summary Judgment With Brief In Support. Asst. Attorney General Melisa L. Hargis established that Judge Jan Krocker in the 184th District Court of Harris County, Texas was the trial judge in Cause no. 1150625. The State prosecutor's Failure to disclose that "relevent evidence" to the Applicant prior to entering the plea of guilt was a Brady violation. Because the State prosecutor had a duty to disclose any and all relevent evidence during the proceedings of Cause no. 1030025, but Failed to do so. Had the State prosecutor disclosed Cause no. 1150625 and the DNA match in July 2005 giving the State the Applicant's identity. The Applicant would not have plead guilty in the primary case and would have insisted on going to trial.

Cause no. 1150625 would have been dismissed or properly disposed of within the primary case as the appointed counsel and the State prosecutor misled the Applicant to believe when they told him that his DNA cleared him of all 25 sexual assault cases ran against his DNA. And that there was no more cases of that nature pending against the Applicant. Record reflect on June 6, 2005 the Houston Police Department closed out Cause no. 1150625 because the Complianant refused to cooperate. Due to prosecutorial misconduct the State violated Tex. Code. Crim. Proc. Ann. Art. 32.01, when the State unconstitutionally indicted the Applicant On April 7, 2008 in court 183rd outside "the term of court" as set out in Article 32.01. See Exparte Norton, 969 S.W. 2d. (Tex. Crim. App. 1988). The Failure to disclose violated the Applicant's rights under the Due Process Clause of the Fourteenth Amendment. And as a result of the prosecutorial misconduct in the primary case the Applicant is presently serving a 40 year sentence in Cause no. 1150625.

II.

DNA "evidence was obtained in violation of the law" under Article 38.23 (a) violating the Applicant's 4th Amendment Rights. See State v. Daugherty, 931 S.W. 268, 270 (Tex. Crim. App. 1996). When the State illegally obtained the Applicant's DNA in July 2005

2

without a Court Order From Judge Jan Krocher in the 184th District Court. Identigene DNA Lab engaged in misconduct by using illegally obtained DNA of the Applicant to manufacture False evidence that was material and resulting in unreliable test result in cause no. 1030025 and 1150625. See Exparte Hobbs, 393 S.W. 3d. 780 (Tex. Crim. App. 2013); And Exparte Coty, 418 S.W 3d 597 (Tex. Crim. App. 2014). The Applicant did not engage in sexual intercourse with the Complicant on March 23, 2005 as falsely alleged in the indictment. The Applicant did engage in consentual sex with the Complicant who was a prostitute, in April 2005 For money in a act of prostitution. So it would be impossible for the Applicant's sperm to have been found in the rape kit done on March 23, 2005.

The evidence to support the prosecutorial misconduct aswell as Identigene DNA Lab possession of the Applicant's DNA invislation of the law without a Court Order in July 2005 shows as Follow:

Q. So the rape kit was sent to be processed. About what date was that or what month and what year?

A. Lets see. It was July 2005.

Q. Was there anything Fruitful that happend after the rape kit was sent in?

A. yes, sir.

Q. What was that?

A. I learned the identity of the donor of the Forensic evidence in this case.

Q. which would be?

A. The Defendant in this case.

Q. Whats his name?

A. NKrumah Valier. (RR vol.4, page 113 at 8/20 transcript in cause no. 1150625).

Cause no. 1030025 was used to prevent the Applicant From testifying at trial on his own behalf in Cause no. 1150625. And then used in the punishment phase to increase the sentence to 40 years and a $10,000 Fine. The Applicant is presently confined pursuant to a conviction in the primary case, and has invoked the proper jurisdiction of Article 11.07 of the Texas Code of Criminal Procedure.

3

## III.

The Court Of Criminal Appeals should find that the Applicant's appointed counsel James Leitner and his wife Michelle Leitner was ineffective in their legal representation when they failed to object to the indictment when they both knew the State changed the time of the alleged aggravated sexual assault to March 23, 2005. When the State originally alleged prior to the indictment that in April 2005 the Applicant committed the aggravated sexual assault of Vernessa Carla Sylvester a known prostitute. Rendering the indictment information and DNA results VOID aswell as False evidence. Appointed counsel James Leitner was ineffective when he advised the Applicant to plead guilty in cause no. 1030025 and failing to disclose the DNA match to cause no. 1106625 in July 2005 giving the State the Applicant's identity. The appointed counsel was ineffective when he failed to make sure cause no. 1150625 was dismissed or properly disposed of entering the plea agreement in the primary case on September 11, 2005. When he knew or shouldwe known and disclosed to the Applicant. The appointed counsel was ineffective when he allowed the State to obtian the Applicant's DNA prior to the Court Order inviolation of Article 38, 23 (a) that violated the Applicant's 4th Amendment and altered the test results of the rape kits. The appointend counsel was uconstitutional ineffective in his legal representation when he failed to disclose to the Applicant that the State had already convicted another man for the aggravated sexual assault of Vernessa Carla Sylvester using the same information Officer Bobby Roberts filed against the Applicant to get a arrest warrnt on June 11, 2005. Had the appointed trial counsel disclosed all the relevent evidence to the Applicant he failed to do so. The Applicant would not have plead guilty in the primary case and insisted on a trial. Thus the out come in both proceedings would have turned out different and the Applicant would not be in prison now serving 40 years and a $10,000 fine in cause no. 1150625. See Hill v. Lockhart, 474 U.S. 52 (1985). Where defendant enters guilty plea upon counsel's advice voluntariness of plea depends on whether advice was within range of competence demanded of attorneys criminal cases. U.S.C.A. Const. Amend. 6.

4

The Applicant has shown that the counsel's legal representation fell bellow objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. The Applicant has satisfied "prejudice" requirement of the ineffective assistance of counsel claim under Strickland v. Washington. The Applicant has shown that there is reasonable probability that, but for counsel's errors he would not have plead guilty and would have insisted on going to trial. U.S.C.A. Const. Amend.6. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674, 693 (1984).

The Applicant wish to demonstrate further evidence that this is a common practice of Attorney James Leitner to engage in unprofessional attorney misconduct in his appointed legal representation of his clients. When he conspired with the state prosecutor to deprive his client's of their Constitutional rights. That resulted in his clients conviction. Please see Robert Lee Smith v. The State of Texas cause no. 961276 and 966324 in the 184th District Court of Harris County, Texas. It was a sexual offense where the DNA was at question after Post-Conviction DNA re-testing.

## Prayer For Relief

WHEREFORE PREMISES considered, the Applicant prays that the Court GRANT Motion For Relief of Judgment Pursuant To Rule 60 (B) (1) (2) (3) (4) (5) and (6).

Date Executed On: April 7, 2015

Respectfully submitted,
Mr. NKrumah Lumumba Valier

## Inmate's Declaration

I, NKrumah Lumumba Valier, TDCJ-No. 1546714 being presently incarcerated at the Dalhart Unit 11950 FM 998 Dalhart, Texas 79022 declare under penalty of perjury that the foregoing is true and correct.

Date Executed On: April 7, 2015

Respectfully submitted,

5

## Certificate OF Service

I, N'Krumah Lumumba Valier, TDCJ-No. 1546714 Applicant pro se declare that a true and correct copy of this Motion For Relief OF Judgment Pursuant To Rule 60 (B)(1)(2)(3)(4)(5)(6) was sent out First Class pre-paid through U.S. Postal Service to be served on the Clerk, Court OF Criminal Appeals OF Texas, Box 12308, Capitol Station, Austin, Texas 78711 on the 7th day of April, 2015.

Respectfully submitted,
Mr. N'Krumah Lumumba Valier

Mr. N'Krumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro Se
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

6